## PEOPLE v. YOUNG.

(Supreme Court, Appellate Division, First Department.   June 29, 1904.)

1. HOMICIDE—INSTRUCTIONS—DEGREES.

> Under Code Cr. Proc. § 390, providing that when there is a reasonable doubt of which degree defendant is guilty he can be convicted of the lowest only, and section 444, authorizing the jury, on the trial of an offense consisting of different degrees, to find defendant guilty of any degree, the refusal, on a trial for murder, to give a requested charge instructing the jury as to the various degrees of homicide, is prejudicial error.

Appeal from Court of General Sessions, New York County.

Duncan Young was convicted of murder in the second degree, and he appeals. Reversed.

See 76 N. Y. Supp. 275.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Lewis Stuyvesant Chanler, for appellant.
Howard S. Gans, for respondent.

McLAUGHLIN, J. On the 24th of January, 1899, one George Eberhardt was murdered, and the defendant, with two others, was indicted for the commission of the crime. The defendant, after a separate trial, was convicted of murder in the second degree, but the judgment of conviction was reversed for errors in the admission of evidence. People v. Young, 72 App. Div. 9, 76 N. Y. Supp. 275. A second trial resulted in a similar verdict, and he has again appealed.

The facts, so far as material, are substantially as follows: Between 3 and 4 o'clock on the morning of the 24th of January, 1899, a man was discovered in the act of forcing open a second-story rear window of a dwelling in the city of New York; the police were notified, and an unsuccessful attempt made to capture him; as soon as

he ascertained that he was discovered he endeavored to escape, running from yard to yard in the rear of dwellings in that vicinity, jumping over fences—during which time he was shot at several times—and finally attempted to get away by going up a fire escape at the rear of a dwelling, but not the one where he was first discovered; when he reached a certain point upon the fire escape the deceased struck at him with a stick, and he thereupon shot and killed the latter; he then continued up the fire escape to the story above, entered a window, made his way through the house to the street, and escaped; two days later the defendant was arrested, and was subsequently, with one Bauman and one Schwetzer, jointly indicted for the commission of the crime.

At the trial it was claimed by the people that the three persons indicted attempted to commit a burglary, and defendant, while endeavoring to escape, shot and killed Eberhardt. The testimony of the different witnesses tended to show that at the time the shooting took place it was quite dark, and a serious question of fact was thus presented as to the identification of the defendant as the man who fired the shot that killed the deceased. The evidence, however, was sufficient to justify the jury in reaching the conclusion which it did, and we would have no difficulty in affirming the judgment, were it not for a serious error committed by the trial judge. He charged the jury they should find the defendant guilty of murder or "nothing at all." No exception was taken to this statement, but at the conclusion of the charge the defendant's counsel requested that the jury be instructed as to the various degrees of homicide. This was refused, the judge saying, "I leave it to the jury to say whether it is murder in the first or second degree, or not guilty," to which an exception was taken. The exception was well taken. "Homicide is the killing of one human being by the act, procurement, or omission of another." Pen. Code, § 179. It is divided into four degrees—murder, manslaughter, excusable homicide, and justifiable homicide. Id. § 180. Murder and manslaughter are each subdivided into two degrees. Id. §§ 183, 184, 189. Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or an attempt to commit the crime (Code Cr. Proc. § 444), and, whenever there is a reasonable doubt in which of two or more degrees a defendant is guilty, he can be convicted of the lowest of those degrees only. Id. § 390. The trial judge, therefore, could not charge, as a matter of law, that the defendant was guilty of murder in the first or second degree or nothing at all, nor could he refuse, when requested, to tell the jury what were the various degrees of homicide. Under the instruction given, the jury was prohibited from doing what the Legislature of the state has said it might do, viz., find defendant not guilty of the crime charged in the indictment, and guilty of any inferior degree thereof. Where a person has been indicted for the commission of a crime of which there are various degrees, the court cannot, when requested to do so, refuse to tell the jury what those degrees are, or prohibit the jury from finding a defendant guilty of any one of them inferior to that charged in the in-

dictment. The verdict may not be justified by the evidence, but the statute permits the jury to make the finding, and there is no power in the court to prohibit it.

The judgment and orders appealed from, therefore, must be reversed, and a new trial ordered. All concur.